IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. RENDER III | ) | CASE NO. |
| 2818 East 128th Street | ) | JUDGE |
| Cleveland, Ohio 44120 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | (Plaintiff demands a trial by jury) |
| BOARD OF TRUSTEES OF THE | ) | |
| CLEVELAND PUBLIC LIBRARY | ) | |
| 325 Superior Avenue | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| FELTON THOMAS, DIRECTOR | ) | |
| CLEVELAND PUBLIC LIBRARY | ) | |
| (In his individual capacity) | ) | |
| c/o Cleveland Public Library | ) | |
| 325 Superior Avenue | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MARITZA RODRIGUEZ, PRESIDENT | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| CLEVELAND PUBLIC LIBRARY | ) | |
| (In her individual capacity) | ) | |
| c/o Cleveland Public Library | ) | |
| 325 Superior Avenue | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| And | ) | |
| | ) | |

| | |
|---|---|
| THOMAS CORRIGAN, SECRETARY | ) |
| BOARD OF TRUSTEES OF THE | ) |
| CLEVELAND PUBLIC LIBRARY | ) |
| (In his individual capacity) | ) |
| c/o Cleveland Public Library | ) |
| 325 Superior Avenue | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| And | ) |
| | ) |
| ALICE G. BUTTS, TRUSTEE | ) |
| BOARD OF TRUSTEES OF THE | ) |
| CLEVELAND PUBLIC LIBRARY | ) |
| (In her individual capacity) | ) |
| c/o Cleveland Public Library | ) |
| 325 Superior Avenue | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| And | ) |
| | ) |
| JOHN M. HAIRSTON, TRUSTEE | ) |
| BOARD OF TRUSTEES OF THE | ) |
| CLEVELAND PUBLIC LIBRARY | ) |
| (In his individual capacity) | ) |
| c/o Cleveland Public Library | ) |
| 325 Superior Avenue | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| And | ) |
| | ) |
| ALAN SEIFULLAH, TRUSTEE | ) |
| BOARD OF TRUSTEES OF THE | ) |
| CLEVELAND PUBLIC LIBRARY | ) |
| (In his individual capacity) | ) |
| c/o Cleveland Public Library | ) |
| 325 Superior Avenue | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| Defendants | ) |

1. Jurisdiction of this Honorable Court over the subject matter of this action is conferred

   pursuant to 42 U.S.C. §1983, 28 U.S.C. §1341, and 28 U.S.C. §1331. Venue is properly

laid in this District pursuant to 28 U.S.C. §1391 because all defendants reside in this District and the cause of action alleged herein arose in this District.

2. Plaintiff Robert L. Render III ("Render") is an individual who resides at 2818 East 128th Street, Cleveland, Ohio 44120.   .

3. Defendant Board of Trustees of the Cleveland Public Library ("Board") is a group of individuals duly appointed and authorized by Ohio law to operate the Cleveland Public Library. The Board has offices at 325 Superior Avenue, Cleveland, Ohio 44114. Pursuant to Ohio Revised Code §3375.33, the Board is a body politic and is corporate and is capable of being sued. At all times material to this action, the Board was acting under color of state law.

4. Defendant Felton Thomas ("Thomas") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Thomas was the duly appointed and duly authorized Director of the Cleveland Public Library. At all times material to this action, Thomas was acting under color of state law. Thomas is being sued in his individual capacity.

5. Defendant Maritza Rodriguez ("Rodriguez") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Rodriguez was the duly appointed and duly authorized or of the Cleveland Public Library. At all times material to this action, Rodriguez was acting under color of state law. Rodriguez is being sued in her individual capacity.

6. Defendant Thomas D. Corrigan ("Corrigan") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Corrigan was the duly appointed and duly authorized

Secretary of the Board of Trustees of the Cleveland Public Library. At all times material to this action, Corrigan was acting under color of state law. Corrigan is being sued in his individual capacity.

7. Defendant Felton Thomas ("Thomas") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Thomas was the duly appointed and duly authorized Director of the Cleveland Public Library. At all times material to this action, Thomas was action under color of state law. Thomas is being sued in his individual capacity.

8. Defendant Alice G. Butts ("Butts") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Butts was a duly appointed and duly authorized Trustee on the Board of Trustees of the Cleveland Public Library. At all times material to this action, Butts was acting under color of state law. Butts is being sued in her individual capacity.

9. Defendant Alan Seifullah ("Seifullah") is an individual whose office address is c/o Cleveland Public Library, 325 Superior Avenue, Cleveland, Ohio 44114. At all times material to this action Seifullah was a duly appointed and duly authorized Trustee on the Board of Trustees of the Cleveland Public Library. At all times material to this action, Seifullah was acting under color of state law. Seifullah is being sued in his individual capacity.

10. In or about 2006 Render was hired by the Board to work for the Cleveland Public Library. Render's initial job title with the Cleveland Public Library was Library Assistant/Computer Emphasis. Render's employment with the Cleveland Public Library was involuntarily terminated on or about August 16, 2019. At the time of his

involuntary termination from employment with the Cleveland Public Library, Render held the job title of Library Assistant/Computer Emphasis..

11. Thomas made the decision to involuntarily terminate Render's employment with the Cleveland Public Library. Thomas recommended that the Board adopt his decision and terminate Render's employment with the Cleveland Public Library. The Board had the authority to reject or accept Thomas's recommendation regarding Render's continued employment. The Board accepted Thomas's recommendation and individually and collectively ratified that decision.

12. The stated reason for Render's termination was that he did not pass a computer test that Thomas and the Board deemed essential to Render's job duties. That stated reason for involuntarily terminating Render was a pretext. Members of the Cleveland Public Library Administration had expressly questioned why Render had not been fired or why Render still worked for the Cleveland Public Library. Also, the nature and contents of the computer test were neither essential nor germane to Render's actual job duties, and did not pertain to Render's ability to perform his job duties. Render had performed the job of Library Assistant/Computer Emphasis for a long period of time prior to taking the computer test. During that period Render's job performance had been exemplary and Render had not encountered any problems is performing his job duties.

13. During the course of his employment with the Cleveland Public Library, Render had espoused positions on issues of general interest which issues were specifically related to Render's position with the Cleveland Public Library. Examples of the issues on which Render expressed opinions was the manner in which the Board spent public

money, the need for levies, the appropriate size of levies, deficiencies in the Cleveland Public Library's outreach to the African-American community, and whether Cleveland Public Library personnel were doing their jobs.

14. The positions espoused by Render were generally opposite to the positions of the Cleveland Public Library on those issues and often cast the Cleveland Public Library. Thomas, and the Board and its individual members in a negative light. In speaking out regarding issues of public interest, Render was acting as a citizen not as a library employee. Render's actions in expressing his opinions on issues such as those identified in this Complaint constituted protected conduct under the First Amendment to the United States Constitution which protections have been extended to the states by the due process clause of the Fourteenth Amendment to the United States Constitution.

15. Render's involuntary termination from employment with the Cleveland Public Library was an act of retaliation for the protect First Amendment conduct in which Render had engaged. Render's termination from employment with the Cleveland Public Library would chill the ardor of a reasonable person for engaging in protected First Amendment conduct similar to the conduct in which Render engaged.

16. In retaliating against Render for engaging in protected conduct, the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, individually and collectively, all acting under color of state law, violated rights secured to Render by the First and Fourteenth Amendments to the United States Constitution. As a direct and proximate result of the violation of his constitutional rights by the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, individually and collectively, all acting under

color of state law, Render suffered economic and non-economic damages for which Render is entitled to compensation.

17. In violating Render's constitutional rights as alleged herein, the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, individually and collectively, all acting under color of state law, acted willfully, wantonly, maliciously, and in reckless disregard for Render's rights.

WHEREFORE, Render requests that this Honorable Court:

a. Find that the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, individually and collectively, all acting under color of state law, violated Render's constitutional rights by terminating his employment with the Cleveland Public Library in retaliation for Render's engaging in protective First Amendment activity;

b. Grant Render judgment against the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, jointly and severally, for his economic damages in an amount to be determined at trial but, in not event, less than Five Hundred Thousand Dollars ($500,000.00);

c. Grant Render judgment against the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, jointly and severally, for his non-economic damages in an amount to be determined at trial but, in not event, less than Five Hundred Thousand Dollars ($500,000.00);

d. Grant Render judgment against the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, jointly and severally, for punitive damages in an amount to be

determined at trial but, in not event, less than Two Million Thousand Dollars ($2,000,000.00);

e. Award Render interest on all sums found to be due him;

f. Grant Render judgment against the Board, Thomas, Rodriguez, Corrigan, Butts, Hairston, and Seifullah, jointly and severally, for the costs of this action including the reasonable attorney fees incurred by Render in the prosecution of this action; and

g. Grant Render any further relief that this Honorable Court deems to be equitable and just.

        Respectfully submitted,

        s/Sam A. Zingale
        Sam A. Zingale 0033410
        3043 Superior Avenue
        Cleveland, Ohio 44114
        Telephone: (216) 696-7170
        Facsimile: (216) 696-8070
        Attorney for Robert L. Render III